UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                          :  Chapter 11
                                               :
PFF Bancorp, Inc., *et al.*,[1]                :  Case No. 08-_____ (____)
                                               :
          Debtors.                             :  (Jointly Administered)
                                               :
---------------------------------------------------------------x

## APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 327(a) AND 329(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a), 2016(b) AND 6003 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, FOR A FINAL ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY PAUL, HASTINGS, JANOFSKY & WALKER LLP AS COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby apply to the Court for entry of a final order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") as counsel *nunc pro tunc* as of the date hereof (the "Petition Date"). In support of this application (the "Application"), the Debtors: (i) submit (a) the Declaration of Richard A. Chesley (the "Chesley Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference and (b) Paul

---

[1] The Debtors are the following 5 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): PFF Bancorp, Inc., a Delaware corporation (1623), Glencrest Investment Advisors, Inc., a Delaware corporation (1405), Diversified Builder Services, Inc., a California corporation (4416), PFF Real Estate Services, Inc., a California corporation (0728) and Glencrest Insurance Services, Inc., a California corporation (3118). The address of each of the Debtors is 9337 Milliken Avenue, Rancho Cucamonga, California 91730.

Hastings' Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit B and incorporated herein by reference; (ii) incorporate the statements contained in the Affidavit of Kevin McCarthy in Support of First-Day Pleadings (the "McCarthy Affidavit") filed contemporaneously herewith; and (iii) further respectfully represent as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases"). The Debtors are continuing to operate their businesses as debtors and debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or official committee of unsecured creditors has been appointed in these cases.

3. PFF Bancorp, Inc. ("Bancorp"), formerly a non-diversified unitary savings and loan holding company within the meaning of the Home Owners' Loan Act, is incorporated in the State of Delaware with headquarters at 9337 Milliken Avenue, Rancho Cucamonga, California 91730. Bancorp is the direct parent and/or the 100% equity owner of each of the remaining debtors.

4. Prior to the Petition Date, Bancorp also was the direct parent of PFF Bank & Trust (the "PFF Bank"), a federally chartered savings institution, and such bank's subsidiaries, including Pomona Financial Services, Inc. and Diversified Services, Inc. Bancorp conducted its business primarily through PFF Bank. PFF Bank had, until recently, enjoyed a long and storied history in California, beginning its operations as The Mutual Building and Loan in the Pomona

Valley, thirty miles east of Los Angeles, in 1892. In the more than 115 years that followed -- through the Great Depression, World War II and the rapid population growth of Southern California -- the Bank helped to finance the growth of the Pomona Valley. As banking needs evolved throughout this time, so did PFF Bank. In 1996, PFF Bank converted the state's largest mutually held association into a highly respected public community bank into what it is now known, PFF Bank & Trust. Since that time, PFF Bank has transformed from a traditional savings and loan to a full-service community bank with a wide range of financial products and services, with 38 full service banking branch offices throughout Southern California.

5. Unfortunately, the unprecedented turmoil in the real estate industry during 2007 and 2008, particularly in Southern California where the Debtors primarily concentrate their business, has had a severe impact on the Debtors' earnings and revenue. The effects of the ongoing mortgage market challenges, combined with reduced levels of home sales, have resulted in declining home values and an excess inventory of new homes and residential lots. Market conditions in the real estate market ultimately spread to the U.S. credit markets, causing among other things, declining liquidity, reduced capital availability and an increased unemployment rate. During this period, the foreclosure rates, delinquency rates and default rates among Bancorp's customers increased significantly, causing Bancorp's loan and mortgage portfolios to suffer tremendous losses. As a result, Bancorp became undercapitalized by regulatory standards and has been unable to meet its debt obligations, including principal and interest payments since the summer of 2008. Indeed, Bancorp has reported net losses during each of the last six fiscal quarters, including a net loss of $225.4 million for the fiscal year ended March 31, 2008.

6. As a former savings and loan holding company, Bancorp and its non-savings institution subsidiaries were subject to oversight and regulation by the Office of Thrift

Supervision ("OTS") and various federal and state banking authorities, including the Federal Deposit Insurance Corporation ("FDIC").[2] As a federally chartered savings institution, PFF Bank was also subject to extensive regulation, examination and supervision by the OTS, as its primary federal regulator, and FDIC, as its deposit insurer. These regulators placed significant constraints on Bancorp during 2008, due to its eroding financial performance. When Bancorp's potential acquisition by FBOP Corporation ("FBOP") failed to close, on November 21, 2008, the OTS, by order number 08-057B, closed PFF Bank and appointed the FDIC as receiver for PFF Bank (the "Bank Receivership"). Subsequent to the closure, a subsidiary of Minneapolis-based U.S. Bancorp ("US Bank") acquired all of the deposit accounts and all of the loans of PFF Bank from the FDIC.

7.  Subsequent to the Bank Receivership, the Debtors commenced these chapter 11 cases to liquidate their assets in order to maximize the value of their estates for the benefit of their creditors.

**Relief Requested**

8.  Pursuant to sections 327(a) and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b) and 6003 and Local Rules 2014-1 and 2016-1, the Debtors hereby seek the entry of an order authorizing them to retain and employ Paul Hastings as counsel in these chapter 11 cases to represent the Debtors in all aspects of their reorganization, *nunc pro tunc*, as of the Petition Date. In support of this Application, the Debtors submit (a) the Chesley Declaration and (b) the Disclosure of Compensation.

---

[2] As a publicly traded company listed on the OTC Bulletin Board, Bancorp is also subject to the informational disclosure requirements of the Securities and Exchange Act of 1934, as amended, and files annual, quarterly and current reports and other information with the Securities and Exchange Commission.

## Paul Hastings' Qualifications

9.  Paul Hastings is particularly qualified to serve as Debtors' counsel in these chapter 11 cases. Paul Hastings is one of the largest law firms in the world, with a national and international practice, and has substantial experience in virtually all aspects of the law that may arise in the Bankruptcy Cases. In particular, Paul Hastings has extensive bankruptcy and restructuring, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, real estate, securities and tax expertise.

10. Paul Hastings' restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. The group comprises approximately 90 attorneys practicing around the world. In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of Dana Corporation, Loewen Group International, Inc., Delta Air Lines Inc., Federated Department Stores, Allegheny Health, Education and Research Foundation, Northwest Airlines Corporation, Kmart Corporation, Imperial Home Décor Group Inc. and Kaiser Aluminum Corporation.

11. Paul Hastings is also familiar with the Debtors' business. In connection with various prepetition matters, Paul Hastings' professionals have worked closely with the Debtors' management and other professionals and, as a result, have become well acquainted with the Debtors' history, operations, capital structure and related matters. Accordingly, Paul Hastings has developed substantial knowledge regarding the Debtors that will result in effective and efficient services in these Bankruptcy Cases.

## Services to be Provided

12. The Debtors anticipate that Paul Hastings will render general legal services to the Debtors as needed throughout the course of these Bankruptcy Cases, including bankruptcy, corporate, employee benefits, finance, intellectual property, labor and employment litigation, real estate, securities and tax advice. In particular, the Debtors anticipate that Paul Hastings will perform, among others, the following legal services:

(a) advising the Debtors of their rights, powers and duties as debtors and debtors in possession while operating and managing their respective businesses and properties under chapter 11 of the Bankruptcy Code;

(b) preparing on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed in these Bankruptcy Cases;

(c) advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in these Bankruptcy Cases;

(d) advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e) reviewing the nature and validity of any liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f) advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g) advising and assisting the Debtors in connection with any potential property dispositions;

(h) advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections as well as lease restructurings and recharacterizations;

(i) advising the Debtors in connection with the formulation, negotiation and promulgation of a plan or plans of reorganization, and related transactional documents;

(j) assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

(k)     commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization; and

(l)     providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

13.     The Debtors require knowledgeable counsel to render these essential professional services. As noted above, Paul Hastings has substantial expertise in all of these areas. Moreover, as also indicated above, Paul Hastings has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors prior to the Petition Date. Accordingly, the Debtors respectfully submit that Paul Hastings is well qualified to perform these services and represent the Debtors' interests in the Bankruptcy Cases.

## Compensation and the Applications

14.     Subject to the Court's approval of this Application, Paul Hastings intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered[3] and (b) seek reimbursement of actual and necessary out-of-pocket expenses. The names, positions and current hourly rates of the Paul Hastings lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtors are set forth in the Chesley Declaration.[4]

---

[3]     The hourly rates charged by Paul Hastings professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is resident.

[4]     Paul Hastings' hourly rates may change from time to time in accordance with Paul Hastings' established billing practices and procedures.

15. Paul Hastings will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. Paul Hastings intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and pursuant to any additional procedures that have been or may be established by the Court in these Bankruptcy Cases. Paul Hastings has agreed to accept as compensation such sums as may be allowed by the Court. Paul Hastings understands that interim and final fee awards are subject to approval by the Court.

### Disclosure Concerning Conflicts of Interest

16. In reliance on the Chesley Declaration, the Debtors believe that, except as set forth in the Chesley Declaration: (a) Paul Hastings has no connection with the Debtors, their creditors, the United States Trustee for the District of Delaware, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, (b) Paul Hastings is not a creditor, equity security holder or insider of the Debtors; (c) Paul Hastings is not and was not, within two years of the Petition date, a director, officer or employee of the Debtors; and (d) Paul Hastings does not have an interest materially adverse to the Debtors, their respective estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason. Accordingly, the Debtors believe that Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

### Notice

17. Notice of this Motion has been provided to the Office of the United States

Trustee for the District of Delaware and the Debtors' largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief herein, the Debtors respectfully submit that no further notice of this Motion is required.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Debtors respectfully request that the Court (i) enter a final order substantially in the form attached hereto as Exhibit C, granting the relief requested herein on a final basis and (ii) granting such other and further relief as the Court may deem proper.

Dated: December 5, 2008            Respectfully submitted,

PFF BANCORP, INC.

By: _____
     Kevin McCarthy
Title: President and Chief Executive Officer

GLENCREST INVESTMENT ADVISORS, INC.

By: _____
     Kevin McCarthy
Title: President and Chief Executive Officer
       of PFF Bancorp, Inc., authorized
       individual

DIVERSIFIED BUILDER SERVICES, INC.

By: _____
     Kevin McCarthy
Title: President

PFF REAL ESTATE SERVICES, INC.

By: _____
     Kevin McCarthy
Title: President and Chief Executive Officer

GLENCREST INSURANCE SERVICES, INC.

By: *[signature: Kevin McCarthy]*

By: Kevin McCarthy
Title: President

2