ORIGINAL

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| PFF Bancorp, Inc., *et al.*,[1] | : | Case No. 08-13127 (KJC) |
| Debtors. | : | (Jointly Administered) |
| | : | **Re: Docket No. 5** |

**ORDER APPROVING SALE AND GRANTING RELATED RELIEF**

This matter coming before the Court on the motion of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Parties") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of: (i) an initial order (the "Auction Procedures Order"), (a) approving the bidding procedures (the "Bidding Procedures"), substantially similar to the procedures attached to Auction Procedures Order as Exhibit 1, (b) approving the form of notice of the bidding procedures, auction and sale (the "Auction and Procedures Notice"), (c) approving the forms of notice related to the assignment of certain executory contracts, and (d) granting other related relief; and (ii) the entry of a second order (the "Sale Order"), (a) authorizing the

[1] The Debtors are the following 5 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): PFF Bancorp, Inc., a Delaware corporation (1623), Glencrest Investment Advisors, Inc., a Delaware corporation (1405), Diversified Builder Services, Inc., a California corporation (4416), PFF Real Estate Services, Inc., a California corporation (0728) and Glencrest Insurance Services, Inc., a California corporation (3118). The address of each of the Debtors is 1490 Claremont Boulevard, Suite 100, Claremont, California 91711.

Debtors to enter into an asset purchase agreement (the "Purchase Agreement") with the bidder submitting the highest or otherwise best offer at the Auction[2] (the "Successful Bidder") for the assets set forth in the Purchase Agreement and (b) granting other relief related thereto (the "Motion"); the Court having reviewed the Motion and scheduled a hearing on the Motion (the "Hearing"); the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown; and a hearing on the Auction Procedures Order having been held before this Court on December 23, 2008; and the Court having entered the Auction Procedures Order on 23, 2008; and the Court having conducted the Sale Hearing to consider the approval of the Sale and related transactions pursuant to the terms of the Purchase Agreement, dated December 3, 2008 and annexed hereto as Exhibit A, between the Debtors and California Financial Partners (the "Purchaser"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Purchase Agreement and transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and any arguments of counsel made, and evidence adduced, related thereto; and upon the record with respect to the Auction Procedures Order, the Sale Hearing held before this Court on January 6, 2009, and the full record of these cases; and it appearing that the relief requested in the Motion is

---

2 Capitalized terms used herein shall have the meaning ascribed to them in the Motion.

in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore;

AND FURTHER FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. A sound business purpose justified the Sale of the Assets outside the ordinary course of business.

C. Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required. A reasonable opportunity to object regarding the relief requested in the Motion has been afforded to parties in interest.

D. Good and sufficient notice of the assumption and assignment of the Investment Accounts and the Contracts has been given and no other or further notice is required and a reasonable opportunity to object or be heard has been offered to parties in interest.

E. The Debtors solicited offers for, conducted an auction of, and selected the Successful Bidder for the Sale of the Assets in accordance with the Auction Procedures Order.

G. The Debtors have obtained a fair and reasonable price for the Sale of the Assets.

H. The Purchaser's offer for the Assets, as embodied in the Purchase Agreement, is the highest or best offer received by the Debtors therefor.

I. Consummation of the Sale transaction contemplated by the successful bid will provide the highest or otherwise best value for the Assets and is in the best interests of the Debtors and their estates.

J. The Purchase Agreement has been negotiated by the Debtors and the Purchaser in good faith and at arm's-length.

K. The Purchaser is a "good faith purchaser" entitled to the benefits and protections of section 363(m) of the Bankruptcy Code.

L. The Debtors and the Purchaser have not engaged in any conduct that would permit the Purchase Agreement or the Sale to be avoided under section 363(n) of the Bankruptcy Code.

M. The Debtors have reasonable access to their books and records to allow them to administer their bankruptcy cases post-Sale.

N. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

O. The relief requested in the Motion is an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors and their estates and creditors.

P. The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. The Purchaser's offer for the Assets, as embodied in the Purchase Agreement, is the highest and best offer for the Assets and is hereby approved.

4. The Purchase Agreement annexed hereto as Exhibit A is hereby approved pursuant to section 363(b) of the Bankruptcy Code and the Debtors are authorized to consummate and perform all of their obligations under the Purchase Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Purchase Agreement.

5. The Purchaser shall acquire only those rights and Assets identified in section 2.1 of the Purchase Agreement. The Assets transferred to the Purchaser shall not include any intellectual property or any other rights or assets not specifically identified in the Purchase Agreement.

6. In accordance with and pursuant to section 5.2 of the Purchase Agreement, from and after the closing date of the Sale, the Debtors shall have access to any books and records transferred to the Purchaser in connection with the Purchase Agreement.

7. The Purchaser shall include with each payment made by the Purchaser in accordance with paragraph 2.8 of the Purchase Agreement, an accounting setting forth in reasonable detail the information used by the Purchaser to calculate the amount of the payment being made to the Debtors.

8. Pursuant to section 363(f) of the Bankruptcy Code, the Assets may be sold and transferred free and clear of all liens, claims, interests and encumbrances (collectively, "Liens") except as otherwise provided in the Purchase Agreement, with any and all such Liens to attach to proceeds of such sale with the same validity, priority, force and effect such Liens had on the Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

9. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Debtors to the Purchaser of the Assets and transactions related thereto, upon the closing under the Purchase Agreement are authorized and approved in all respects.

10. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Investment Account and contracts and leases, as identified in the Purchase Agreement, by the Purchaser, is hereby authorized and approved in all respects; provided however, that right to manage any Investment Account may not be assigned to the Purchaser, unless and until, the owner of such Investment Account has provided written consent to the assignment of the Investment Account to the Purchaser.

11. Nothing herein shall prejudice the rights of the Debtors to seek the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1)(B) of the Bankruptcy Code and (ii) seeking entry of a supplemental order from this Court to permit the assignment of certain of the Investment Accounts and the transfer of personally identifiable information related thereto, if the Debtors are unable to obtain the written consent of a sufficient number of the owners of the Investment Accounts.

12. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

13. The terms of this Order shall be binding on the Purchaser and its successors, the Debtors, creditors of the Debtors and all other parties in interest in the Bankruptcy Cases, and any successors of the Debtors, including any trustee or examiner appointed in these cases or upon a conversion of these cases to chapter 7 of the Bankruptcy Code.

14. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

15. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

16. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

17. Nothing contained in any chapter 11 plan confirmed in these cases or the order of confirmation confirming any chapter 11 plan, nor any order dismissing any case or converting it to chapter 7 liquidation shall conflict with or derogate from the provisions of the Purchase Agreement, any documents or instrument executed in connection therewith, or the terms of this Order.

18. The failure specifically to include any particular provisions of the Purchase Agreement or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement or instrument, it being the intent of the Court that the Purchase Agreement and each document, agreement or instrument be authorized and approved in its entirety.

19. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated: June 6 2009
Wilmington, Delaware

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge



LEGAL_US_E # 82243099.2
RLF1-3356091-1