IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
                                                                 :
In re                                                            :   Chapter 11
                                                                 :
PFF Bancorp, Inc., *et al.*,[1]                                  :   Case No. 08-13127 (KJC)
                                                                 :   (Jointly Administered)
         Debtors.                                                :
                                                                 :   Hearing Date: 12/22/10 @ 4:00 p.m. EST
                                                                 :   Objection Deadline: 11/24/10 @ 4:00 p.m. EST
---------------------------------------------------------------- x

### MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER APPROVING THE AGREEMENT BY AND BETWEEN DEBTORS AND PENSION BENEFIT GUARANTY CORPORATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving entry into a settlement agreement between the Debtors and the Pension Benefit Guaranty Corporation (the "PBGC") and (ii) granting certain related relief (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following 5 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): PFF Bancorp, Inc., a Delaware corporation (1623), Glencrest Investment Advisors, Inc., a Delaware corporation (1405), Diversified Builder Services, Inc., a California corporation (4416), PFF Real Estate Services, Inc., a California corporation (0728) and Glencrest Insurance Services, Inc., a California corporation (3118). The mailing address of each of the Debtors is 2058 N. Mills Ave, #139, Claremont, California 91711.

## Background

2. On November 21, 2008, the Office of Thrift Supervision, by order number 08-057, closed PFF Bank & Trust ("PFF Bank"), PFF Bancorp, Inc.'s principal banking subsidiary, and appointed the FDIC Receiver. On the same date, the FDIC Receiver entered into a Purchase and Assumption Agreement Whole Bank All Deposits among the FDIC Receiver, the Federal Deposit Insurance Corporation and US Bank dated as of November 21, 2008 under which US Bank purchased certain assets and assumed certain liabilities of PFF Bank.

3. On December 5, 2008 (the "Petition Date"), each of the Debtors, filed a voluntary petition for relief (collectively, the "Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are continuing to operate their businesses as debtors and debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. On December 17, 2008, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Bankruptcy Cases. No trustee or examiner has been appointed in these Bankruptcy Cases.

4. PFF Bank is the contributing sponsor of a pension plan (the "Pension Plan") within the meaning of Title IV of ERISA. The Pension Plan is a single-employer defined benefit plan.

5. The PBGC timely filed proofs of claim against the Debtors, jointly and severally, for: (1) unfunded benefit liabilities in the estimated amount of $4,214,479; (2) unpaid minimum contributions in an unliquidated amount; and (3) unpaid premiums in an unliquidated amount associated with the Pension Plan (the "PBGC Claims"). The PBGC asserted that certain unpaid premiums were entitled to priority pursuant to 11 U.S.C. §§ 503 and 507.

6.  On June 25, 2010, the Debtors filed an objection to the PBGC's proofs of claim on the grounds that the Debtors were not members of PFF Bank's "controlled group" and that the PBGC's assertions of priority for certain of their claims were unsupported [Dkt No. 550]. On September 30, 2010, the PBGC filed its response to the Debtors' objection [Dkt No. 635]. Throughout the claims objection process, counsel for the Debtors, the PBGC and the Committee (collectively, the "Parties") were engaged in good faith negotiations to resolve the PBGC Claims.

### The Settlement Agreement

7.  The Parties actively engaged in arms-length negotiations in order to resolve the PBGC's claims and to avoid the costs, delays and uncertainty of litigation associated with the resolution of such claims. As a result of these negotiations, the Debtors and the PBGC have reached a consensual settlement (the "Agreement"), and the Debtors, the PBGC and the Committee have entered into a *Stipulation Regarding Allowance of PBGC Claims*, a copy of which is attached hereto as Exhibit A. The terms of the Agreement are, without limitation, as follows:

- **Payment Obligations Under The Agreement**: In full and final satisfaction of all claims asserted by the PBGC against the Debtors, the Parties agree that the PBGC shall have (i) an allowed administrative priority claim under 11 U.S.C. § 507(a)(2) in the aggregate amount of $31,000.00 and (ii) an allowed general unsecured claim in the aggregate amount of $4,005,070.00 (collectively, the "Allowed PBGC Claims").

- **Joint & Several Liability**: The Parties agree that the Allowed PBGC Claims shall be asserted jointly and severally against the Debtors, provided, however, that the PBGC collective recovery from the Debtors shall not exceed the amount of the Allowed PBGC Claims.

## Relief Requested

8. By this Motion, the Debtors respectfully request entry of an order pursuant to 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving the Agreement in accordance with its terms.

## Basis for Relief

9. Section 105 of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019 governs the procedural prerequisites to approval of a settlement agreement and provides, in relevant part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Together, section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) empower a bankruptcy court to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. See In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997); Vaughn v. Drexel Burnham Lambert Group (In re Drexel Burnham Lambert Group), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); In re Texaco, 84 B.R. 893, 901-02 (Bankr. S.D.N.Y. 1988).

10. "[C]ompromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting administration of a bankruptcy estate. Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3rd Cir. 1996) (citing 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. 1993)). Thus, a court should approve a settlement agreement if the proposed agreement does not "fall beneath the lowest point in the range of reasonableness." In re Coram Healthcare Corp., 315 B.R. 321, 330 (Bankr. D. Del. 2004) (quoting Official

Unsecured Creditors' Comm. v. Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines), 150 B.R. 595, 598 (E.D. Pa. 1992)); In re Drexel Burnham, 134 B.R. at 5050.

11. The Third Circuit has identified four factors to be utilized in determining whether a settlement falls within the range of reasonableness:

1) the probability of success in the litigation;
2) difficulties to be encountered in collection;
3) the complexity of the litigation and related expense, inconvenience, and delay; and
4) the interests of the creditors.

Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3rd Cir. 2002); In re Etoys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005); In re Coram Healthcare Corp., 315 B.R. at 330-31; see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968).

12. Applying the above factors to the present case, the Debtors submit that the Agreement is in the best interest of their estates. The Agreement enables the Debtors to consensually resolve contested claims without the time and expense involved in litigating such claims. Accordingly, the Agreement is in the best interest of the Debtors' estates and their creditors and warrants approval by this Court.

## Notice

13. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Official Committee of Unsecured Creditors and (c) any parties requesting notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002. In light of the nature of relief requested, the Debtors respectfully submit that no further notice of this Motion is required.

WHEREFORE, the Debtors' respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B: (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem proper.

Dated:  November 10, 2010
        Wilmington, Delaware

Respectfully submitted,

/s/

Paul N. Heath (DE 3704)
Chun I. Jang (DE 4790)
Andrew C. Irgens (DE 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  heath@rlf.com
       jang@rlf.com
       irgens@rlf.com

-and-

Richard A. Chesley (Ill. Bar No. 6240877)
Kimberly D. Newmarch (DE 4340)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois  60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  richardchesley@paulhastings.com
       kimberlynewmarch@paulhastings.com

COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

LEGAL_US_E # 90220200.3
RLF1 3627733v. 1

6